Filed 9/21/22  P. v. Hooker CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROMAN HOOKER,<br><br>        Defendant and Appellant. | C094262<br><br>(Super. Ct. No. 10F06795) |

Defendant Roman Hooker appeals the trial court's order denying his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1] Defendant argues the trial court erred when it relied on a special circumstance finding to deny the petition.  We will reverse the trial court's order and remand the case for further proceedings.

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2014, a jury found defendant guilty of first degree murder (§ 187, subd. (a)) and attempted robbery (§§ 664, 211). The jury also found true a felony-murder special circumstance allegation (§ 190.2, subd. (a)(17)). (*People v. Garcia et al.* (March 27, 2018, C077082) [nonpub. opn.].)[2] The trial court sentenced defendant to life in prison without the possibility of parole.

This court's opinion on direct appeal summarized the evidence introduced at trial. In short, defendant and three codefendants attempted to rob the victim, a marijuana dealer. The victim was shot and killed in the attempt. This court affirmed defendant's convictions but struck a parole revocation restitution fine. (*People v. Garcia, supra*, C077082.)

In February 2019, defendant filed a petition for resentencing under former section 1170.95. The petition alleged a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further alleged he was not the actual killer; did not aid or abet the murder with the intent to kill; and was not a major participant in the felony or did not act with reckless indifference to human life. The trial court appointed counsel and the parties submitted briefing on various issues as directed by the trial court. The trial court issued an order to show cause why the petition should not be granted; the prosecution filed a motion for reconsideration; and both parties filed briefing on the motion.

---

[2] This court previously granted the Attorney General's request to incorporate by reference the record in the appeal from defendant's underlying conviction.

In April 2021, the trial court denied the petition.  It noted the true finding on the felony-murder special circumstance allegation, and explained that there was currently a split in case law as to whether the finding should preclude relief under former section 1170.95 because it was made before the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  The trial court recognized that the Supreme Court was considering the issue at the time, but had denied review in *People v. Allison* (2020) 55 Cal.App.5th 449, review denied December 23, 2020, which concluded a pre-*Banks*/*Clark* special circumstance finding precluded former section 1170.95 relief.

## DISCUSSION

Defendant argues the trial court erred when it denied his petition based on the special circumstance finding because, in *Banks* and *Clark*, which were decided after his trial, the California Supreme Court modified the analysis for "major participant" and "reckless indifference to human life," changing the showing required for the special circumstance finding.  Thus, the finding should not have made him ineligible for relief under former section 1170.95.  We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.  Senate Bill No. 775 (2021-2022 Reg. Sess.) further amended former section 1170.95, effective January 1, 2022.  (Stats. 2021, ch. 551, § 2.)

"As relevant here, Senate Bill [No.] 1437 significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder

3

liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citations.] Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' [citation] and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' [citation]. Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'—that is, the statute defining the felony-murder special circumstance. [Citation.]" (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which allows those "convicted of felony murder or murder under the natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Section 1172.6 includes a prima facie determination. Under subdivision (c), the trial court must receive briefing from the parties and "determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court

4

declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).) To make this prima facie determination, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970.)

Here, the special circumstance findings were made before the decisions in *Banks* and *Clark*. After the close of briefing in this appeal, the California Supreme Court held in *Strong, supra*, 13 Cal.5th at page 710, that findings issued by a jury before the decisions in *Banks* and *Clark* do not preclude a defendant from making a prima facie case for relief under Senate Bill 1437.

The Supreme Court explained that "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements. [Citations.]" (*Strong, supra*, 13Cal.5th at pp. 717-718.) In other words, "[f]or petitioners with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time." (*Id*. at p. 718.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the

5

evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id.* at p. 720.)

Pursuant to the Supreme Court's decision in *Strong*, the pre-*Banks*/*Clark* special circumstance finding in this case did not render defendant ineligible for relief as a matter of law, and defendant's petition made a prima facie showing for relief. Accordingly, we will reverse the trial court's order and remand the case for issuance of an order to show cause and further proceedings consistent with section 1172.6, subdivision (d).

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and conduct further proceedings consistent with section 1172.6, subdivision (d).


/S/
MAURO, Acting P. J.


We concur:


/S/
HOCH, J.


/S/
RENNER, J.

6